# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CORTEZ,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>JOE CHACON, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-00987-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

**I.   PROCEDURAL HISTORY**

Plaintiff Robert Cortez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 15, 2011. (ECF No. 1.) His Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff has failed to state any claim upon which relief may be granted under Section 1983.

**II.   SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III.   SUMMARY OF COMPLAINT

Plaintiff names Joe Chacon, parole agent, and Melquiades Venegas, Sr. as Defendants. Plaintiff states the following: In 1983, Plaintiff's aunt told him that her life was in danger if she did not kill Plaintiff. Defendant Chacon would come over to the aunt's house, have sex with her, and wash away the evidence with a hose. Plaintiff's aunt's death was reported as a drinking or vomiting accident and, on the same day, Plaintiff was admitted to the emergency room for a broken wrist.

Plaintiff seeks monetary and punitive damages, and an investigation into his aunt's death.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff's statement of claim appears to be detailing a crime that allegedly happened in 1983. Plaintiff has not forth sufficient factual matter to state a plausible Section 1983 claim. There are no constitutional violations as related to Plaintiff. And, it appears that none of the named Defendants were acting under color of law. Therefore, Plaintiff's complaint fails to state any claims upon which relief may be granted. Plaintiff's allegations of an alleged criminal act do not give rise to any facially plausible claims for relief under Section 1983.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999)). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend."); see also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")).

This is a case where to grant Plaintiff further leave to amend would be patently futile. Plaintiff's claim lacks merit; there is no basis for a conclusion that a tenable claim for relief could be pleaded if leave to amend were granted. Thus, this action should be dismissed.

///

## V.    **CONCLUSION AND RECOMMENDATION**

Accordingly, the Court finds that Plaintiff's Complaint fails to state any claims upon which relief may be granted. Therefore, the Court HEREBY RECOMMENDS that this action be DISMISSED WITH PREJUDICE for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 3, 2011

UNITED STATES MAGISTRATE JUDGE